# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

EARNEST AVIST,                                                                                          PLAINTIFF
ADC # 151395

v.                                        5:14CV311-BSM-JJV

KIM NULLS, Supervisor, Jefferson
County Parole Officers; *et al.*                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. INTRODUCTION

Earnest Avist ("Plaintiff") is an inmate of the Arkansas Department of Corrections ("ADC"). He filed this *pro se* action pursuant to 42 U.S.C. § 1983, claiming Defendants violated his constitutional rights. After careful review of the documents submitted, the Court concludes Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### II. SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

**III.   ANALYSIS**

Plaintiff alleges that Defendants Kim Null, John Felts, and Brooke Norsworthy violated his constitutional rights by illegally revoking his parole (Doc. No. 2 at 13).  Specifically, he states the parole revocation violated his equal protection and due process rights under the Fourteenth Amendment, and his right to be free from cruel and unusual punishment under the Eighth Amendment. (*Id*. at 4, 6.) Plaintiff also alleges that Defendants engaged in a § 1983 conspiracy, though he alleges no specific facts regarding that conspiracy (*Id*. at 4).

Assuming the truth of Plaintiff's claims, the Court finds that he has failed to state a claim upon which relief can be granted against any of the named defendants. The United States Supreme Court's decision in *Heck v. Humphrey* holds that a § 1983 action to recover damages for an allegedly unconstitutional conviction or imprisonment can only lie where a plaintiff can demonstrate that his conviction or sentence has already been invalidated.  512 U.S. 477, 487 (U.S. 1994).  Otherwise, a judgment in a plaintiff's favor would "necessarily imply the invalidity" of his conviction. *Id.* In this action, Plaintiff alleges that his parole was unlawfully revoked and he seeks to hold each defendant liable for their allegedly unconstitutional involvement in that revocation. Therefore, a judgment in Plaintiff's favor would, by necessity, imply the invalidity of his revocation proceeding. At this time, however, Plaintiff provides no evidence that his parole revocation has been reversed, expunged by

executive order, or declared invalid by either a state tribunal or a federal court's issuance of a writ of habeas corpus. As such, a § 1983 action based on the illegality of his parole revocation is not cognizable at this time.

## IV. CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. Plaintiff's cause of action be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g)[1];

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 21st day of August, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."